PROVO STX, J.
The parties of this suit are the grandchildren of J. A. Eason, deceased, except the principal defendant who is a son of J. A. Eason and an uncle of the other litigants. The suit is for partition of a tract of land described in the petition, and also, incidentally, for setting aside as a simulation a sale of one-third undivided of said tract of land made by the decedent to the principal defendant J. C. Eason, and also for an accounting by the latter for $425, alleged to have been received and kept by him out of the moneys of the succession of the decedent; and also, finally, for the price of certain timber sold by him off of the said land.
[1] The evidence leaves no room whatever for doubt as to the alleged simulation. The vendor continued in the possession and enjoyment of the property sold until his death, which occurred four or five years after the sale; and when the heirs, including the said pretended purchaser, had the land surveyed for a partition, and made a verbal partition of the land, the said pretended sale was ignored. And, from the evidence, it is clear that the said pretended purchaser could not have commanded the money with which to make the pretended cash payment of $1,000. One witness whose testimony impresses the court most favorably, says that defendant repeatedly told her that said sale was a sham. Defendant denies this, but the record discredits him as a witness.
Defendant admits having received $1,125 of the succession moneys, but claims that he afterwards turned the amount over to his mother. I-Ie did return $700, but never the balance of $425, unless his own discredited testimony is to be accepted, and to be thus accepted in the teeth of all the probabilities of the case and over the counter testimony of the witness just spoken of as having so favorably impressed the court. This lady testifies that she and the old lady (defendant’s mother) lived alone together; that she attended to all the old lady’s affairs, and that, if defendant had paid over this $425 to his mother, she (the witness) could not but have known of it; and that she is therefore positive that defendant never made said payment.
[2] The heirs must naturally account to each other for the price of whatever timber they may have severally sold from off of the land in question.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that there now he judgment decreeing the pretended sale made by J. A. Eason to J. C. Eason on July 1, 1896, recorded in Conveyance Rook K, folio 179, of the records of the clerk’s office of the parish of Caldwell to have been a simulation and to be null and void, and directing the said clerk of court to cancel the inscription of said sale upon his records; and condemning the defendant J. C. Eason to account to his coheirs in due course of proceedings for the sum of $425 received by him of the moneys of the succession of his father at the time of the death of his father, with legal interest thereon; and that this case be remanded to be proceeded with according to law; and that the litigants account to each other respectively for the price of the timber sold by them; the defendant J. C. Eason to pay all costs, except those pertaining properly to the partition suit.